# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

JEFFERY UGOCHUKWU NWOKOLO,     )
               )
    Petitioner,            )
               )
    v.                 )     Case No. CIV-26-240-SLP
               )
SCARLET GRANT, et al.,        )
               )
    Respondents.         )

## REPORT AND RECOMMENDATION

Petitioner Jeffery Ugochukwu Nwokolo, a non-citizen proceeding with counsel, filed a petition for a writ of habeas corpus ("Petition") under 28 U.S.C. § 2241 challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE").  (Doc. 1).[1] United States District Judge Scott L. Palk referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).  (Doc. 3).  As set forth fully below, the undersigned recommends that the Court **DISMISS** the Petition for lack of jurisdiction because Petitioner was not confined within the territorial jurisdiction of this Court when he filed his Petition.

---

[1] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

## I.    Background

Petitioner is a citizen of Nigeria who states he entered the United States on May 21, 2016.  (Doc. 1, at 2).  On July 10, 2025, ICE apprehended Petitioner during an interview related to his then-pending I-130 visa petition.[2]  (*Id.*)

On February 11, 2026, Petitioner filed the instant Petition alleging Respondents violated (1) his right to due process under the Fifth Amendment, and (2) the Immigration and Nationality Act.  (*Id*. at 5-6).  Petitioner seeks, among other things, immediate release from detention at the Cimarron Correctional Facility in Cushing, Oklahoma.  (*Id.* at 2, 6).

On February 17, 2026, Respondents filed a Notice providing information and "request[ing] that the Court dismiss this action for lack of jurisdiction" because

> [w]hen the Petition was filed on February 11, 2026, Petitioner was at Prairieland Detention Center in Alvarado, Texas, which is within the territorial jurisdiction of the Northern District of Texas.  Petitioner currently is staging for removal in Alexandria, Louisiana. Thus, at the time this action was filed and at all times since then, Petitioner was outside the territorial jurisdiction of this Court, which deprives this Court of jurisdiction over the petition.

(Doc. 12, at 2) (citation modified) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)).  Respondents attached a declaration from an ICE deportation officer supporting the factual basis for their Notice.  (*Id.*, at Ex. 1, at 2).  The undersigned subsequently ordered Petitioner's counsel "to respond to Respondents' Notice no later than 5:00 p.m. on

---

[2] Completing an I-130 visa petition is "a requirement for an alien relative seeking permanent residence or adjustment of status." *Akopyan v. Barr*, 786 F. App'x 829, 829 (10th Cir. 2019).  Petitioner's I-130 visa petition was based on his "bona fide marriage to a U.S. citizen," which he states was approved on September 9, 2025.  (Doc. 1, at 2).

February 19, 2026, as to whether this court has jurisdiction over the Petition." (Doc. 13, *docket entry*) (internal citation omitted).  Petitioner's counsel did not file the ordered response.[3]

## II.    This Court Lacks Jurisdiction Over a Petitioner Who Files a Habeas Petition While Confined Outside of the Western District of Oklahoma.

"[I]n habeas challenges to present physical confinement," "jurisdiction lies in only one district: the district of confinement."  *Rumsfeld*, 542 U.S. at 435, 443 (2004); *see Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (quoting *Rumsfeld*).  Because "jurisdiction attaches on the initial filing for habeas corpus relief" and "is not destroyed by a transfer of the petitioner," jurisdictional analysis under 28 U.S.C. § 2241 only requires a determination of whether a petitioner was "confined in the district where he filed his petition at the time of filing."  *Serna v. Commandant, USDB-Leavenworth*, 608 F. App'x 713, 714 (10th Cir. 2015) (quoting *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985)).

Respondents provided their Notice and a declaration from ICE stating that Petitioner was not confined in the Western District of Oklahoma on February 11, 2026, the date that he filed the Petition in this Court.  (Doc. 12; *id.*, at Ex. 1).  Rather, Respondents state that on February 11, 2026, Petitioner was confined at the Prairieland Detention Center in Alvarado, Texas, which is in the territorial jurisdiction of the Northern District of Texas.

---

[3] "The Federal Rules of Civil Procedure authorize sanctions, including dismissal, . . . for failing to comply with court rules or any order of the court." *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (internal citations omitted).  Because the undersigned recommends dismissal for lack of jurisdiction, the undersigned declines to address Petitioner's counsel's failure to respond to a court order.

(*Id.*); *see* 28 U.S. Code § 124(a)(1).[4]  Respondents also correctly point out that Petitioner filed a petition for a writ of habeas corpus in the Northern District of Texas on the same day that he filed the instant Petition in the Western District of Oklahoma.  *See* Petition for Writ of Habeas Corpus, *Nwokolo v. Noem*, No. 4:26-cv-145-O, (N.D. Tex. Feb. 11, 2026).[5]

Respondents' request in the Notice "that the Court dismiss this action for lack of jurisdiction," (Doc. 12, at 1), is properly construed as a motion to dismiss for lack of jurisdiction.  Petitioner's failure to respond to the motion as ordered by the undersigned constitutes a failure to dispute Respondents' fact statements.[6]  Because it is undisputed that Petitioner was not confined in this district at the time he filed the instant Petition, this Court lacks jurisdiction over Petitioner and the action should be dismissed.

## III.    Recommendation and Notice of Right to Object

For the reasons discussed above, the Court recommends that the Court **DISMISS** the Petition, (Doc. 1), because this Court lacks jurisdiction to effect habeas relief over Petitioner.  Additionally, Petitioner's Emergency Motion for a Temporary Restraining Order, (Doc. 6), should be **denied as moot**.

---

[4] The undersigned judicially notices the location of Alvarado, Texas, within Johnson County.  *See United States v. Piggie*, 622 F.2d 486, 488 (10th Cir. 1980) ("Geography has long been peculiarly susceptible to judicial notice for the obvious reason that geographic locations are facts which are not generally controversial....").

[5]*See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (courts may exercise discretion "to take judicial notice of publicly-filed records . . . concerning matters that bear directly upon the disposition of the case at hand") (citation omitted).

[6] While a party generally has twenty-one days to file a response to a motion, "[t]he court may shorten or lengthen the time in which to respond."  LCvR 7.1(g).

**The court advises the parties of their right to object to this Report and Recommendation by March 3, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[7]  The Court further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 24th day of February, 2026.

_____
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

---

[7] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations.  *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").